# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2009

No. 08-40683
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FREDDIE HENDERSON LUNDY

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1396-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Freddie Henderson Lundy entered a conditional guilty plea to the charge of possession with intent to distribute more than 1,000 kilograms of marijuana. Lundy argues the district court should have granted his motion to suppress the marijuana found during a search of his vehicle at an immigration check point. Lundy contends that the duration of the stop was unreasonable because it continued after agents verified that he was a United States citizen.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The border patrol agent who interviewed Lundy testified that Lundy's nervousness, confused story, description of his lengthy and indirect route, and body posture that blocked a view into the truck cab caused him to believe that Lundy might be transporting illegal aliens and that Lundy consented to a search of the vehicle. We find no indication that the district court's decision crediting the testimony of the border patrol agent was clear error.[1] The totality of the circumstances shows that the agents had reasonable suspicion to detain Lundy while they determined whether he had passengers in his vehicle.[2] During the lawful stop, a canine alerted to the exterior of Lundy's trailer. Lundy does not dispute that the canine alert provided reasonable suspicion for the subsequent search of the trailer. The judgment of the district court is AFFIRMED.

---

[1] *See U.S. v. Garza*, 118 F.3d 278, 282 (5th Cir. 1997) ("We review a motion to suppress based on live testimony at a suppression hearing for clear error, viewing evidence in the light most favorable to the prevailing party, in this case, the government.").

[2] *See U.S. v. Arvizu*, 534 U.S. 266, 273 (2002); *U.S. v. Machuca-Barrera*, 261 F.3d 425, 433 (5th Cir. 2001).